# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TERRY JEFFREY**, on behalf of himself and all others similarly situated, <br> 10 East Street <br> P.O. Box 125 <br> Dellroy, Ohio 44620 <br><br> Plaintiff, <br><br> vs. <br><br> **BREWSTER CHEESE COMPANY,** <br> c/o statutory agent <br> Emil Alecusan <br> 800 Wabash Avenue <br> Brewster, Ohio 44613 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Terry Jeffrey, by and through counsel, for his Complaint against Defendant, Brewster Cheese Company, states and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this collective action as a result of Defendant's practice and policy of failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over forty (40) in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Terry Jeffrey is an adult individual residing in Carroll County, Ohio.

5. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. Defendant Brewster Cheese Company ("Defendant" or "Brewster") is a for-profit Ohio corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant Brewster Cheese Company's principal place of business is located in Stark County, Ohio.

7. Defendant Brewster Cheese Company can be served through its statutory agent, Emil Alecusan, at 800 Wabash Avenue South, Brewster, Ohio 44613.

8. At all relevant times, Defendant conducted business in Stark County, Ohio.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written consent to join this action will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant is an Ohio corporation that operates cheese facilities that manufacture cheese at various locations in Ohio, Illinois, and Idaho.

14. Plaintiff was employed by Defendant as an hourly, non-exempt line operator and heavy laborer at Defendant's Brewster, Ohio location from approximately May of 2003 to October of 2015.

15. Other similarly-situated employees were employed by Defendant as non-exempt production employees at Defendant's cheese processing facilities in Ohio, Illinois, and Idaho.

16. Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and were paid an hourly wage.

17. Plaintiff and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before their scheduled start times and after their scheduled stop times: donning a hair net, beard guard, protective sleeves, safety glasses, gloves, apron, walking to their locker rooms, walking to their assigned areas, walking from their assigned areas, walking from their locker rooms, and doffing their hair net, bear guard, protective sleeves, safety glasses, gloves, and apron.

18. Before Plaintiff and other similarly-situated employees began their shifts, they donned uniform shirts, shoes, and personal protective equipment, including, but not limited to, hair nets, beard guards, protective sleeves, safety glasses, gloves, and aprons. The uniform shirts, shoes, and other external clothing had to remain inside the building as no clothing that had been worn outside of the facility was permitted in the work areas.

19. The time Plaintiff and other similarly-situated employees spent donning their uniforms and personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA") and the U.S. Food and Drug Administration ("FDA"), and was performed for the

3

Defendant's benefit in that it helped keep the production floor safe and sanitary, and it helped promote a more safe and efficient manufacturing (production) process.

20. Plaintiff and other similarly-situated employees were not paid for time spent for donning their uniform shirts, shoes, and other personal protective equipment.

21. After donning their uniform shirts and shoes and personal protective equipment, Plaintiff and other similarly-situated employees walked from the area in which they changed into their uniform shirts and shoes and personal protective equipment to the manufacturing (production) floor. Such time constitutes "postdonning walk time."

22. Plaintiff and other similarly-situated employees were not paid for their postdonning walk time.

23. At the end of their shift, Plaintiff and other similarly-situated employees walked from the manufacturing (production) floor to the area in which they changed out of their personal uniform shirts and shoes and personal protective equipment. Such time constitutes "predoffing walk time."

24. Plaintiff and other similarly-situated employees were not paid for their predoffing walk time.

25. At the end of their shift, Plaintiff and other similarly-situated employees doffed their uniform shirts, shoes, and personal protective equipment.

26. The time Plaintiff and other similarly-situated production employees spent doffing their uniforms and personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, OSHA, and the FDA, and was performed for Defendant's benefit in that it helped keep the manufacturing floor safe and sanitary, and helped promote a more safe and efficient manufacturing process.

27. Plaintiff and other similarly-situated employees were not paid for time spent doffing their uniform shirts, shoes, and personal protective equipment.

28. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over forty (40) each workweek.

29. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

30. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiff and other similarly-situated production employees.

31. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work was up to approximately 30 to 60 minutes each day.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly-situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

33. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current production employees of Defendant Brewster Cheese Company employed in Brewster, Ohio; Stockton, Illinois; and/or Rupert, Idaho three years preceding the date of filing of this Complaint to the present.

34. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of approximately 300 persons.

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

36. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 785.24.

39. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

40. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

41. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly-situated persons, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), informing all class members that this litigation is pending and they have a right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher, LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela M. Calhoun (0093546)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

>   */s/ Hans A. Nilges*
>   Hans. A. Nilges
>
>   *Counsel for Plaintiff*